UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-23482-CV-MARTINEZ
(96-443-CR-MARTINEZ)
MAGISTRATE JUDGE REID

SERGIO ECHEVERRIA,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### I.  Introduction

Movant, Sergio Echeverria, has filed 28 U.S.C § 2255 Motion to Vacate after the Eleventh Circuit granted leave to file a successive motion. Movant challenges his convictions for violation of 18 U.S.C. § 924(c) in Case No. 96-443-CR-Martinez. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C) and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

After the Eleventh Circuit granted Movant leave to proceed, the Undersigned entered an Order appointing counsel in this case. The Federal Public Defender's Office filed the instant Motion challenging Movant's convictions for violation 18 U.S.C. § 924(c) in light of *United States v. Davis*, 139 S.Ct. 2319 (2019). [CV-ECF 6]. The United States filed a Response [CV-ECF 7] to which Movant filed a Reply. [CV-ECF 8]. After reviewing the pleadings, for the reasons stated below, the Undersigned recommends that the Motion to Vacate be denied in part and granted in part.

## II.     Procedural History

Movant was charged in a Fourth Superseding Indictment with conspiracy to commit Hobbs Act extortion (Count I); substantive Hobbs Act extortion (Count II); carrying a firearm in furtherance of a crime of violence as set forth in Count II (Count III); substantive Hobbs Act extortion (Count IV); carjacking (Count V); and using and carrying a firearm during and in relation to a crime of violence as set forth in Counts IV and V (Count VI). [CR-ECF 330]. After a jury trial he was convicted on all counts. [CR-ECF 440]. The Court sentenced Movant to a total term of 705 months. [CR-ECF 531].

His convictions were affirmed on appeal, however his sentence on Counts I, II, IV and V were vacated for resentencing. *See United States v. Diaz*, 248 F. 3d 1065 (11th Cir. 2005). Upon remand, the court resentenced Movant to a total of 535 months. [CR-ECF 658]. Movant's sentence of 235 months as to Counts I, II, IV was made concurrent to his sentence of 180 months as to Count V. [*Id.*]. His sentence of 60 months as to Count III was to be served consecutive to the sentence imposed in Counts I, II, IV and V. [*Id.*]. The sentence of 240 months as to Count VI was to be served consecutive to the sentence imposed in Counts I, II, III, IV, and V. [*Id.*].

Movant has previously sought to vacate his conviction and sentence. [CR-ECF 745, 748]. The first motion to vacate was dismissed as untimely. [CR-ECF 746]. The second motion was dismissed as successive. [CR-ECF 755]. Movant's previous attempt to file a successive motion was denied by the Eleventh Circuit. [16-cv-22767-JEM, ECF 9].

The Eleventh Circuit granted Movant's most recent request to file a second or successive motion pursuant to 28 U.S.C. § 2255. [CV-ECF 1]. In this most recent Motion to Vacate, Movant argues that in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), his convictions under 18 U.S.C. § 924(c) should be vacated because Hobbs Act extortion is not a crime of violence.

The Government has conceded that Hobbs Act extortion is not a crime of violence. Therefore, the Government concedes that Movant is entitled to relief as to Count III. The Government contends that Movant's conviction as to Count VI should stand because Movant cannot establish that the conviction is based on the predicate offense of Hobbs Act extortion, rather than carjacking.

### III. Prima Facie Case under § 2255(h)

Although the Eleventh Circuit has found that Movant has made a *prima facie* showing sufficient to file a second or successive § 2255 motion, that finding is not conclusive on the issue of whether he has met the requirements of § 2255(h). *See Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357–58 (11th Cir. 2007) (explaining that the court of appeals' determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination). Even after the appellate court grants leave for the applicant to file a second or successive § 2255 motion, "'[t]he district court is to decide the [§ 2255(h)] issue[s] fresh, or in the legal vernacular, de novo.'" *In re Moss*, 703 F.3d 1301, 1303 (11th Cir.2013) (quoting *Jordan*, 485 F.3d at 1358).

Only if the District Court concludes that the applicant has established the statutory requirements for filing a second or successive motion will it "proceed to consider the merits of the motion, along with any defenses and arguments the respondent may raise." *Id.* In granting Movant leave to file this successive motion, the Eleventh Circuit recognized that this Court must first address whether Movant has met the requirements of § 2255(h). [CV-ECF 1, p. 10].

In order to file this successive Motion Movant must allege that his claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." *See* 28 U.S.C. § 2255(h)(2). Here, Movant has alleged that his claim

relies upon the United States Supreme Court Decision in *Davis*. He argues that his convictions under 18 U.S.C. § 924(c) are no longer valid because Hobbs Act extortion is no longer a crime of violence. Although the Supreme Court did not expressly find that *Davis* was retroactive, the Eleventh Circuit has found that "the Supreme Court's holdings in *Davis* and *Welch*[1] necessarily dictate that *Davis* has been made retroactively applicable to criminal cases that became final before *Davis* was decided." *In re Hammoud*, 931 F.3d 1032, 1038 (11th Cir. 2019).

Since Movant's claims rely on a new rule of constitutional law that has been made retroactive to cases on collateral review, he has presented a claim that is cognizable in a second or successive § 2255 motion.

## IV.    Merits

Movant is challenging both of his § 924(c) convictions. The first of these was charged as Count III. The predicate only crime to support his conviction under Count III was Hobbs Act extortion. His second 924(c) conviction was for Count VI. However, unlike Count III, Count VI listed two separate predicate crimes, namely Hobbs Act extortion *and* carjacking.

The United States has conceded that Hobbs Act extortion is not a crime of violence and that Movant's conviction for Count III should be vacated. However, the United States argues that Movant cannot show that it is more likely than not that the jury did not rely on carjacking as the predicate crime to support his conviction on Count VI.

In granting Movant leave to file this motion, the Eleventh Circuit recognized that it had not issued a published opinion deciding whether Hobbs Act extortion is a crime of violence under § 924(c)(3)(A)'s elements clause. However, the Eleventh Circuit pointed out that with regard to Count VI, carjacking remains a valid § 924(c) predicate after *Davis*. The Court stated:

---

[1] *Welch v. United States*, 578 U.S. ___,136 S. Ct. 1257 (2016).

4

> Even if the district court concludes that Hobbs Act extortion does not qualify under the elements clause, Echevarria, as the movant, still bears the burden of proving the likelihood that the jury based its verdict of guilty in Count 6 solely on the attempted Hobbs Act extortion and not on the valid carjacking predicate offense. *See In Re Cannon*, 2019 WL 3334766, at *5 (citing *Beeman v. United States*, 871 F.3d 1215, 1217 (11th Cir. 20170.

Movant's claims will be considered in light of the Eleventh Circuit's order granting leave to file this successive motion.

## Count III

The United States has conceded that Hobbs Act extortion is not a crime of violence under § 924(c)'s elements clause. The Court accepts this concession because a defendant need not create the fear of injury or harm to induce the victim to give up property. *See United States v. Iozzi*, 420 F.2d 512, 515 (4th Cir. 1970) (holding that fear of economic loss is sufficient to support a conviction for Hobbs Act extortion); *see also United States v. Duhon*, 565 F.2d 345, 349, 351 (5th Cir. 1978) (offer by employer to pay union official for labor peace held to be "simply planning for inevitable demand for money" by the union official under the circumstances); *United States v. Gigante*, 39 F.3d 42, 49 (2d Cir. 1994), *vacated on other grounds and superseded in part on denial of reh'g*, 94 F.3d 53 (2d Cir. 1996) (causing some businesses to refuse operations with the victim sufficiently induced the victim's consent to give up property, consisting of a right to contract freely with other businesses, as long as there were other businesses beyond defendants' control with whom the victim could do business).

This concession requires the vacatur of Movant's conviction on Count III as the only predicate for that count is the underlying Hobbs Act extortion charge. Movant has met his burden of establishing relief as to that claim.

A. Count VI

5

The United States argues the Movant cannot meet his burden of proof that the jury's verdict on Count VI was not based on his valid carjacking predicate offense. The United States cites *Cannon* and *Beeman* in support of this argument. In his Reply, Movant argues that Government relies upon dicta from the *Cannon* opinion that is not controlling or alternatively that it was wrongly decided.

In *Cannon*, the defendant was challenging his § 924(c) and (o) convictions on the basis that one of the underlying predicates – conspiracy to commit Hobbs Act robbery – no longer qualified as a crime of violence under the residual clause of § 924(c)(3)(B). *See Cannon*, 931 F.3d at 1240. He also asserted that his indictment charged multiple predicate crimes in a single § 924(c) and (o) count. *Id.* at 1241.

The court found that two of the defendant's § 924(c) convictions relied upon predicates that had survived *Davis*. *Id.* at 1242. As to the § 924(o) conviction, the court found that there were multiple predicate offenses, including two carjackings, four drug crimes and one conspiracy to commit Hobbs Act robbery. *Id.* at 1243. Since the jury returned a general verdict that did not specify which offense served as the predicate, the court found the defendant had made a *prima facie* showing that his claim satisfied the criteria of § 2255(h). *Id*. The court, as it did here, noted that even if the district court found that conspiracy to commit Hobbs Act robbery was no longer a valid predicate, the defendant still bore the burden of proving the likelihood that the jury based its verdict solely on the conspiracy charge and not also on the other valid predicate offenses. *Id*. (citing *Beeman* at 1222).

In *Beeman*, the court addressed whether the movant could prove a *Johnson* claim.[2] The court found that "the movant must show that – more likely than not – it was the use of the residual clause that led to the sentencing court's enhancement of his sentence." *Beeman*, 971 F.3d at 1222. The court further found that "[i]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to the residual clause." *Id*.

With this background in mind the question here is whether Movant can establish that it is more likely than not the jury relied solely upon the Hobbs Act extortion predicate rather than the valid carjacking predicate to convict him of Count VI. This count was based on the events of January 11, 1996. [CR-ECF 330, p. 4-5]. The Eleventh Circuit in affirming this conviction on direct appeal recounted the following facts relevant to that incident:

> On January 11, 1996, Munoz, **Echevarria**, Orestes Hernandez, and Ilvigio began stalking the Arias family again. (R.382, at 1248–49). They called Diaz to try and locate Idania Arias. (See GX:216 A–C). After calling Idania Arias's billing service business and going to her clinic, they finally located her after going to her home where they observed her leaving with her four-year-old son Anthony. (R.382, at 1254–55). They followed her to the library, where she picked up her eight-year-old son Joseph, and then back to her house. As she pulled into her driveway, **Echevarria**'s white Jaguar pulled up behind her. (R.382, at 1255). **Echevarria**, Ilvigio, Orestes Hernandez, and Munoz got out and approached her **with guns drawn**. (R.388, at 1671). Idania Arias handed them her keys and told them to take what they wanted to which they responded that they wanted her and her children. Idania Arias and her two children were forced into the white Jaguar. (R.388, at 1672). Munoz stayed behind in order to steal Idania Arias's black Lexus. (R.382, at 1255).

*Diaz*, 248 F.3d at 1077 (emphasis added). At trial one of the co-conspirators testified that Movant was armed as he approached the victim's car. *Id*. at 1096. It was based on these facts that court found that the evidence was sufficient to sustain Movant's conviction for carjacking. *Id.*

---

[2] The claim under *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), argued that the movant's predicate crimes under the Armed Career Criminal Act's residual clause that had been invalidated as unconstitutionally vague. *See Beeman*, 871 F.3d at 1217.

The facts at trial clearly established that Movant was armed and brandished[3] a firearm during and in relation to a crime of violence. In light of the jury's verdict on the carjacking charge, Movant cannot establish that it is more likely than not that his § 924(c) conviction in Count VI rested solely upon the predicate of Hobbs Act extortion and not also or alternatively on the carjacking predicate. Under *Beeman*, Movant as not met his burden to show that it is more likely than not that his conviction on Count VI relied upon the now invalidated residual clause rather than the elements clause. Therefore, his claim with regard to Count VI should be denied.

## V. Certificate of Appealability

A movant seeking to appeal a district court's final order denying his motion to vacate has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell,* 556 U.S. 180, 183 (2009). This Court should issue a COA only if the movant makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a movant's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Upon consideration of the record as a whole, this Court should grant a COA due to the novelty of the issue regarding the alternative means of supporting Movant's conviction in Count VI.

## VI. Conclusions and Recommendations

Based on the above, it is recommended that:

1) the Motion be granted in part and denied in part. Movant's challenge to his conviction on Count III should be GRANTED and the conviction and sentence on Count III should be vacated. Movant's challenge to Count VI should be DENIED;

---

[3]"The weapons were brandished by appellants[.]" *Diaz*, 248 F.3d at 1097.

    2) due to the novelty of the claim regarding Count VI certificate of appealability should issue; and,

    3) the case be closed.

Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

Signed this 1st day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Kathleen Elena Handlin Taylor
       Federal Public Defender's Office
       150 West Flagler Street, Suite 1700
       Miami, FL 33130
       Email: kate_taylor@fd.org

       Sean Paul Cronin
       United States Attorney's Office
       99 NE 4th Street
       Miami, FL 33132
       Email: sean.p.cronin@usdoj.gov