UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 19-CV-23482-MARTINEZ
(96-CR-00443-MARTINEZ)

SERGIO ECHEVARRIA,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND GRANTING IN PART MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

**THIS CAUSE** came before the Court upon the Report and Recommendation of the Honorable Lisette M. Reid, United States Magistrate Judge ("Report"), (ECF No. 11). In her Report, Judge Reid recommends granting in part and denying in part Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, (ECF No. 6), and granting a certificate of appealability. Movant challenges his two convictions under 18 U.S.C. § 924(c) in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). Having considered the Report, Movant's Objections, (ECF No. 12), the relevant briefing, and the record in this case, the Court **ADOPTS IN PART** the Report, **OVERRULES** Movant's Objections, and **GRANTS IN PART** the Motion to Vacate.

    **I.**    **BACKGROUND**

    **A. Movant's Convictions and Sentences**

In 1996, Movant Sergio Echevarria was charged with six counts: conspiracy to commit Hobbs Act extortion, in violation of 18 U.S.C. § 1951 (Count 1); substantive Hobbs Act extortion,

in violation of 18 U.S.C. § 1951 (Count 2); carrying a firearm in furtherance of a crime of violence as set forth in Count 2, in violation of 18 U.S.C. § 924(c) (Count 3); substantive Hobbs Act extortion (Count 4); carjacking, in violation of 18 U.S.C. § 2119 (Count 5); and using and carrying a firearm during and in relation to a crime of violence as set forth in Counts 4 and 5, in violation of 18 U.S.C. § 924(c) (Count 6). (ECF-Cr. No. 330).

Movant was convicted by a jury on all six counts. The Court then sentenced him to 705 months imprisonment. (ECF-Cr. No. 531). On appeal, the Eleventh Circuit affirmed Movant's convictions but vacated his sentences on Counts 1, 2, 4 and 5. *See United States v. Diaz*, 248 F. 3d 1065 (11th Cir. 2005). Following remand, the Court sentenced Movant to a total term of 535 months imprisonment, consisting of 235 months as to Counts 1, 2 and 4, to be served concurrently, 180 months as to Count 5, to be served concurrently, 60 months as to Count 3, to be served consecutively to the sentences imposed in Counts 1, 2, 4 and 5, and 240 months as to Count 6, to be served consecutively to the sentences imposed in Counts 1, 2, 3, 4 and 5. (ECF-Cr. No. 658).

**B. Movant's Motion to Vacate**

On August 19, 2019, the Eleventh Circuit granted Movant's application for leave to file a second or successive motion to vacate sentence. (ECF No. 1). The Eleventh Circuit authorized Movant to proceed with his claim that his § 924(c) convictions and sentences on Counts 3 and 6 were invalid in light of *United States v. Davis*, 139 S. Ct. at 2324–25, 2336, which held that the residual clause of § 924(c)(3)(B) was unconstitutionally vague.

With the Eleventh Circuit's permission, Movant filed the instant Motion to Vacate Counts 3 and 6. (ECF No. 6). In response, the Government concedes that Count 3 should be set aside because the sole predicate for that count, Hobbs Act extortion, is no longer a crime of violence

following *Davis*. (ECF No. 7 at 3, 14). As to Count 6, however, the Government argues that Movant's conviction and sentence should not be vacated because it is supported by two predicate offenses, Hobbs Act extortion and carjacking, the second of which remains a crime of violence following *Davis*. (*Id*. at 3–13). Movant contends, however, that because the jury returned a general verdict without specifying which predicate offense it relied on to convict him of Count 6, the Court must presume that the jury relied only Hobbs Act extortion. (ECF No. 6 at 14–18). Thus, Movant argues that he is actually innocent of Count 6 because, like Count 3, the predicate offense for this count is no longer a crime of violence following *Davis*. (*Id*.).

### C. Procedural History

On December 1, 2020, United States Magistrate Judge Lisette M. Reid entered a Report and Recommendation finding that Movant's conviction and sentence as to Count 3 should be vacated but his conviction and sentence as to Count 6 should stand. (ECF No. 11). Judge Reid concluded that based on the trial evidence, Movant could not meet his burden under *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017), to show that it was "more likely than not" that the jury based its guilty verdict in Count 6 solely on Hobbs Act extortion, and not also on carjacking. Judge Reid pointed out that at trial, one of Movant's co-conspirators testified that Movant was armed when he approached the victim's car. (ECF No. 11 at 7–8 (citing *Diaz*, 248 F.3d at 1096)). Judge Reid recommended granting Movant a Certificate of Appealability on this issue, however, "due to the novelty of the issue regarding the alternative means of supporting Movant's conviction in Count VI." (ECF No. 11 at 8).

On December 15, 2020, Movant filed Objections to the Report, raising two grounds. First, he argued that even if the Court vacates only Count 3, and not Count 6, it still must correct his

240-month sentence on Count 6 because that count would become his sole § 924(c) conviction and would therefore warrant a mandatory sentence of only five years, rather than 20 years. (ECF No. 12 at 1). Second, Movant objected to the recommendation that his conviction on Count 6 should stand. He argued that under *Stromberg v. California*, 283 U.S. 359 (1931) and its progeny, a conviction must be set aside where the jury could have relied on an invalid predicate offense to return a guilty verdict. (*Id.*). The Government responded to Movant's Objections, (ECF No. 13), and Movant filed a reply, (ECF No. 14).

Then on January 11, 2021, the Government filed a Notice of Supplemental Authority (ECF No. 15), calling the Court's attention to the Eleventh Circuit's recently-issued opinion in *Garcia v. United States*, 984 F.3d 1367 (11th Cir. 2021), *vacated*, 985 F.3d 850 (11th Cir. 2021), which held that a § 2255 movant could not meet his burden under *Beeman* to show that it was "more likely than not" that his § 924(o) conviction was predicated only on a crime that is not a crime of violence or a drug trafficking crime. *Garcia*, 984 F.3d at 1374.

Movant responded to the Government's Notice of Supplemental Authority, (ECF Nos. 16 & 17), noting that shortly after it issued its opinion in *Garcia*, the Eleventh Circuit vacated the opinion, *see* 985 F.3d 850, and held its decision in abeyance pending the outcome in two similar cases: *Granda v. United States*, No. 17-15194, and *Foster v. United States*, No. 19-14771.

On March 11, 2021, the Eleventh Circuit decided *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021), and approximately eight weeks later, it decided *Foster v. United States*, 996 F.3d 1100 (11th Cir. 2021). As explained below, these two decisions are dispositive of Movant's Motion to Vacate.

## II. LEGAL STANDARD

A federal prisoner claiming that his or her sentence is unlawful may move the court that imposed the sentence to vacate, set aside, or correct it. 28 U.S.C. § 2255(a). But because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982). A prisoner is entitled to relief under § 2255 if the court imposed a sentence that either (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* § 2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and quotations omitted). The "miscarriage of justice" exception requires a showing that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). To obtain this relief on collateral review, a movant must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166.

Under § 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine

- 5 -

the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). Nonetheless, a hearing is not required when the movant's claims are "patently frivolous," "based upon unsupported generalizations, or "affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation and quotation marks omitted).

### III. DISCUSSION

#### A. Movant's Claim as to Count 6

As noted above, Judge Reid recommended that Movant's § 924(c) conviction in Count 6 not be vacated because Movant could not meet his burden under *Beeman* to show that it is "more likely than not" that the jury based its verdict solely upon the now-invalid predicate of Hobbs Act extortion, and not also or alternatively on the still-valid predicate of carjacking. (ECF No. 11 at 8); 871 F.3d at 1222. Movant objects to the Judge Reid's conclusion that the *Beeman* standard applies, arguing that the *Stromberg* harmless-error standard should apply instead. (ECF No. 12 at 6–7). Under this standard, Movant contends, the Court's inquiry is "limit[ed] to the jury instructions," and "[h]armless error can be found only if the instructions leave no uncertainty that the verdict rested solely on the valid portion of the charge." (*Id*. (citing *Parker v. Sec'y for the Dep't of Corr.*, 331 F.3d 764, 779 (11th Cir. 2003)). Movant relies on recent district court decisions that found that under *Stromberg*, a § 924(c) or (o) conviction is invalid where the jury returned a general verdict, and it is impossible to tell whether the jury relied on an invalid predicate. *See Iramm Wright v. United States*, No. 19-cv-24060-HUCK, (ECF No. 11 at 6) (S.D. Fla. Oct. 8, 2020); *Wainwright v. United States*, Case No. 19-cv-62364-COHN, (ECF No. 22 at 21–22) (S.D. Fla. Apr. 6, 2020).

In *Granda*, 990 F.3d 1272, and *Foster*, 996 F.3d 1100, however, the Eleventh Circuit

squarely rejected Movant's argument that the *Stromberg* harmless-error standard should apply. In *Granda*, the Eleventh Circuit explained that a *Stromberg* error in the jury instructions—in which the jury is asked to rely on both a valid and an invalid predicate—is not a "structural error" that requires automatic reversal. *Granda*, 990 F.3d at 1293. Rather, the court must apply the *Brecht* "harmless error" test and "'ask directly' whether the error substantially influenced the jury's decision." *Id.* (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)); *see also Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Answering that question, the Eleventh Circuit concluded that the inclusion of the invalid predicate in the jury instructions was harmless because "[t]here is little doubt that if the jury found that Granda conspired to possess a firearm in furtherance of his conspiracy to commit Hobbs Act robbery, it also found that he conspired to possess a firearm in furtherance of the other crime-of-violence and drug-trafficking predicates of which the jury convicted him." *Id.* That was because Granda's invalid predicate offense "rested on the same operative facts and the same set of events" as his other, still-valid predicate offenses. *Id.* at 1289. In other words, all of Granda's predicate offenses were "inextricably intertwined" because "each arose from the same plan and attempt to commit armed robbery of a tractor-trailer full of cocaine." *Id.* at 1291. As the Eleventh Circuit explained, "[t]he tightly bound factual relationship of the predicate offenses preclude[d] Granda from showing a substantial likelihood that the jury relied solely on Count 3 [Hobbs Act conspiracy] to predicate its conviction on Count 6 [§ 924(o)]." *Id.* Relying on *Granda*, the Eleventh Circuit subsequently held in *Foster* that the movant's *Davis* claim similarly failed because "the facts and circumstances presented at trial [showed that] the jury could not have relied on the invalid Hobbs Act conspiracy predicate without also relying on the drug trafficking offenses." 996 F.3d at 1103.

Here, the facts adduced at trial clearly show that Movant's Hobbs Act extortion and carjacking predicates for Count 6 were "inextricably intertwined." Movant and several co-conspirators approached the victim "with guns drawn" and kidnapped her children while stealing her car. *Diaz*, 248 F.3d at 1077. One of the co-conspirators testified that Movant was armed as he approached the victim's car. *Id.* at 1096. Therefore, as in *Granda* and *Foster*, Movant's Hobbs Act extortion and carjacking predicates "rested on the same operative facts and the same set of events." *Granda*, 990 F.3d at 1289. In his Objections, Movant does not argue that his Hobbs Act extortion and carjacking predicates were not intertwined.[1]

### B. Resentencing as to Count 3

The Government concedes that Movant's Count 3 conviction is no longer valid after *Davis*. Furthermore, as Movant points out in his Objections, vacating Count 3 requires the Court to correct the 20-year sentence as to Count 6 because it is no longer a "second or subsequent conviction" under § 924(c). (ECF No. 12 at 8–9). Section 924(c) provides for a mandatory consecutive sentence of five years for a single violation of that section and a mandatory consecutive sentence of 20 years for "second or subsequent" violation section. Here, Movant was convicted of two § 924(c) offenses: Count 3 and Count 6. Movant was sentenced to five years on Count 3 and 20 years on Count 6 as the "second or subsequent" violation of § 924(c). Thus, Movant is correct that if the Court vacates Count 3, Count 6 would become his first and only § 924(c) conviction and thus the Court must correct the 20-year sentence on that count. (*Id.* at 9).[2]

---

[1] *Granda* also expressly forecloses Movant's other arguments that allowing his Count 6 conviction to stand would contravene *In re Gomez*, 830 F.3d 1225 (11th Cir. 2016), and *Alleyne v. United States*, 570 U.S. 99 (2013). *See* 990 F.3d at 1295-96. The Court finds it unnecessary to address those arguments here.

[2] The Government does not dispute that Movant must be resentenced on Count 6.

Because Movant is entitled to have his conviction and sentence on Count 3 set aside and his sentence on Count 6 corrected, a resentencing hearing is required. "When a court grants a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, the statute … establishes a two-step process." *United States v. Brown*, 879 F.3d 1231, 1235 (11th Cir. 2018) (quoting § 2255(b)). "First, the court must 'vacate and set the judgment aside.'" *Id.* "Second, the court must choose from among four distinct remedies: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the prisoner a new trial; or (4) correct the prisoner's sentence. *Id.*

District courts have considerable discretion in choosing the appropriate remedy on a successful § 2255 Motion to Vacate Sentence. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Such discretion, however, is limited by the Constitution. The Due Process Clause guarantees a criminal defendant's right to be present at all "critical stages" of the proceeding, which includes the initial sentencing. *See Kentucky v. Stincer*, 482 U.S. 730, 745 (1987); Fed. R. Crim. P. 43(a)(3). The Eleventh Circuit has held that two factors determine whether a resentencing following a successful § 2255 Motion to Vacate marks a "critical stage" of the proceeding which requires a resentencing hearing:

(1) Did the errors requiring the grant of habeas relief undermine the sentence as a whole?

(2) Will the sentencing court exercise significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing?

*Brown*, 879 F.3d at 1239–40.

As to the first factor, under the "sentencing package doctrine," when an "entire sentencing package" has been vacated, the sentencing court must revisit every part of the sentencing package and hold a resentencing hearing with the defendant present. *Id*. at 1238. "[I]n the guidelines era,

sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence." *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014). "If there is a chance that an erroneous sentence on one count of conviction influenced the sentencing judge's decisions on other counts, then merely excising the mistaken sentence for one count won't put the defendant in the same position as if no error had been made. A resentencing hearing with the defendant present may therefore be required." *Brown*, 879 F.3d at 1239. Here, vacating Count 3 undermines the sentence as a whole and requires the calculation of a new guidelines range.

*Brown's* second factor also applies because the Court may be asked to consider factors under 18 U.S.C. § 3553(a) that were not present at the original sentencing, including "[e]vidence of post-sentencing rehabilitation [which] may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing." *Pepper v. United States*, 562 U.S. 476, 491 (2011). Accordingly, the Court finds that a resentencing hearing is necessary.

### IV. CERTIFICATE OF APPEALABILITY

A movant seeking to appeal a district court's final order denying his motion to vacate has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a COA only if the movant makes "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Where a district court has rejected a movant's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473,

484 (2000). Judge Reid recommended granting Movant a COA "due to the novelty of the issue regarding the alternative means of supporting Movant's conviction in Count VI." (ECF No. 11 at 8). Because the Eleventh Circuit has now squarely addressed the issue raised here, however, the Court finds that Movant can no longer make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Thus, the Court overrules this portion of Judge Reid's Report.

V. **CONCLUSION**

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation of Magistrate Judge, (ECF No. 11), is **ADOPTED IN PART AND REJECTED IN PART**.

2. Movant's Objections, (ECF No. 12), are **OVERRULED**.

3. Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **GRANTED IN PART** as to Count 3 and **DENIED IN PART** as to Count 6.

4. A Certificate of Appealability is **DENIED**.

5. This case is **CLOSED**.

6. The Court shall set a resentencing hearing, order the parties to submit sentencing memoranda, and order Probation to prepare an Amended PSI by separate order in Movant's criminal case, Case No. 96-CR-00443.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of September, 2021.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record via CM/ECF